JOHN N. TEDFORD, IV (State Bar No. 205537)
*jtedford@DanningGill.com*
ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
MICHAEL G. D 'ALBA (State Bar No. 264403)
*mdalba@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Airport Van Rental, Inc. and
affiliated Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-20878-BB |
| AIRPORT VAN RENTAL, INC., et al.,[1] | Chapter 11 (Jointly Administered) |
| Debtors and Debtors in Possession. | **NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE OF AVR NEVADA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF YAZDAN IRANI IN SUPPORT THEREOF** |
| ☐  Affects all Debtors | |
| ☒  Affects the following Debtor(s): | Date:   July 28, 2021 |
| Airport Van Rental, Inc., a Nevada corporation | Time:   11:00 a.m.<br>Place:   Courtroom 1539<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

---

[1] Pursuant to an order of the Court, this case is being jointly administered with four Chapter 11 cases filed by affiliated entities. The five "Debtors" are: Airport Van Rental, Inc., a California corporation, case no. 2:20-bk-20876-BB; Airport Van Rental, Inc., a Georgia corporation, case no. 2:20-bk-20877-BB; Airport Van Rental, Inc., a Nevada corporation, case no. 2:20-bk-20878-BB; Airport Van Rental, LLP, a Texas limited liability partnership, case no. 2:20-bk-20882-BB; and AVR Vanpool, Inc., a California corporation, case no. 2:20-bk-20883-BB.

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** debtor and debtor-in-possession Airport Van Rental, Inc., a Nevada corporation ("AVR Nevada") will, on July 28, 2021, at 11:00 a.m., in the above described Court, and hereby moves for an order voluntarily dismissing its Chapter 11 case pursuant to 11 U.S.C. § 1112 (b), Federal Rules of Bankruptcy Procedure ("FRBP") 1017, and Local Bankruptcy Rule ("LBR") 1017-2(e).

This motion is made on the following grounds: On December 11, 2020, AVR Nevada filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code"). AVR Nevada has no assets.  AVR Nevada filed for bankruptcy to preserve its ability to have its employees paid through Airport Van Rental, Inc., a California corporation ("AVR California"), once AVR California filed for bankruptcy under Chapter 11.

All employees of AVR Nevada have been successfully moved to AVR California, which is now registered to do business in Nevada.  June 25, 2021 was the date of issuance of the last payroll in which employees were paid by AVR Nevada.  As such, the issues that necessitated AVR Nevada's bankruptcy filing have been resolved.  Accordingly, there is no need for AVR Nevada to remain in Chapter 11.

Because AVR Nevada has no income or assets to be administered, and keeping the case open serves as an administrative burden with no attendant benefits, AVR Nevada is requesting that the Court enter an order dismissing its case.

This motion is based upon this notice and motion, the below memorandum of points and authorities, declaration of Yazdan Irani ("Irani Declaration"), and request for judicial notice ("RJN"), the papers and pleadings on file in this case, and such other evidence as may be properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rule ("LBR") 9013-1(f), any written response to the motion must be filed with the Court and served on the undersigned counsel for the Debtors at least 14 days before the hearing.  If you fail to comply with this deadline, the Court may treat such failure as consent to the granting of the motion

pursuant to LBR 9013-1(h).  If you do not have any objection to this Motion, you do not need to take any further action.

DATED:  July 7, 2021                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                        By:    _____/s/ Zev Shechtman_____
                                               ZEV SHECHTMAN
                                               Attorneys for Airport Van Rental, Inc. and
                                               affiliated Debtors and Debtors in Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Yazdan and Kimberly Irani (the "Iranis") formed Airport Van Rental, Inc., a California Corporation ("AVR California"), in 2007.  After expanding within California, the Iranis decided to open a location in Las Vegas.  Though it would have been better for AVR California to have either (1) registered AVR California to do business in Nevada as a foreign entity, or (2) formed a wholly owned subsidiary to do business in Nevada, in 2011 a new company – Airport Van Rental Inc., a Nevada corporation ("AVR Nevada") – was formed with the Iranis as shareholders.  Even though AVR Nevada is a separate entity, AVR California effectively operates in Nevada as though it had registered to do business in Nevada.  Vehicles rented to customers in Nevada belong to AVR California; all revenues flow into AVR California's accounts; and AVR California pays all of the expenses of operating in Nevada.

That is not to say that AVR Nevada was always a vacant shell.  AVR Nevada has a separate tax ID number; it files separate tax returns; and the employees who work in Nevada – generating income for AVR California – technically are employees of AVR Nevada.  AVR Nevada owns no assets.  It also has a multimillion-dollar unsecured tax liability due to errors made in reporting sales tax revenues in early years of the company's Las Vegas operations.  See AVR Nevada Claims Register, Claim No. 3.

Over the years, the company expanded eastward.  Usually (but not always), separate legal entities called "Airport Van Rental, Inc." were established, but they had the same (or similar) role as AVR Nevada.  In 2015, Airport Van Rental, LLP, was formed in Texas ("AVR Texas"), and in 2018 Airport Van Rental, Inc., was formed in Georgia ("AVR Georgia").  AVR California has a minority ownership interest in AVR Texas, but no ownership interest in AVR Georgia.  Like AVR Nevada, those entities are otherwise owned by Mr. Irani.

The Debtors filed for bankruptcy on December 11, 2020.  The Company has used bankruptcy as an opportunity to correct or improve its corporate governance.  The Company has engaged corporate counsel to assist with the streamlining of the business, including the movement

of employees from AVR Nevada to AVR California, where they should have been all along.  Now that the employees have moved over to AVR California as the employer, doing business in Nevada, dismissal of the AVR Nevada bankruptcy case is appropriate.  AVR Nevada respectfully requests that the Court enter an order dismissing its Chapter 11 case.

## II.

## STATEMENT OF FACTS

**A.** **Bankruptcy Background**

On December 11, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").  On the Petition Date, each of the Debtors filed a motion requesting joint administration of their cases, with the lead case being that of AVR California, and that motion was granted.

**B.** **The Debtors' Bankruptcy Estates**

Each of the Debtors filed schedules and statements of financial affairs identifying, among other things, their respective assets and liabilities.  Not surprisingly, the schedules and statements reflect that AVR California owns almost all of the Debtors' assets, owes almost all of the Debtors' liabilities, and generates all of the Debtors' income.

**C.** **AVR Nevada**

As reflected in AVR Nevada's schedules, AVR Nevada has no assets.  Attached as Exhibit "1" to the request for judicial notice (the "RJN") is a copy of the AVR Nevada Schedule A/B ("Assets").

AVR Nevada originally scheduled about $9.75 million in liabilities, which consisted of the following:

- Approximately $11,500 owed to employees for vacation, personal, and sick leave (all of which are entitled to priority). The work performed by these employees generates revenues for AVR California.

- Approximately $107,000 of priority sales taxes owed to Nevada Department of Taxation (the "Nevada DOT").

- Approximately $3.1 million of non-priority sales taxes owed to the Nevada DOT. This amount is undisputed

- Potentially $6.4 million owed to 1st Source Bank relating to a 2013 guaranty of AVR California's obligations to 1st Source Bank.

- Approximately $157,800 owed to 1st source bank for a PPP loan.

- Approximately $12,000 owed to an individual under a settlement agreement arising out of an EEOC complaint.

Attached as Exhibit "2" to the RJN is a copy of the AVR Nevada Schedule E/F.

Three proofs of claim have been filed against AVR Nevada. These include: 1) a claim by the Internal Revenue Service in the amount of $100 (Claim No. 1), 2) a claim by TriGlobal in the amount of $7,600 (Claim No. 2), and 3) a claim by the State of Nevada Department of Taxation in the amount of $3,123,094.74 (Claim No. 3).  Attached as Exhibit "3" to the RJN is a copy of the AVR Nevada Claims Register.  The scheduled priority claims of employees were paid pursuant to the prepetition payroll motion.

On March 2, 2021, the Debtors filed an application to employ Barnes & Thornburg LLP ("B&T") as special corporate counsel.  See docket no. 253 in the AVR California case.  B&T was employed to, among other things, register AVR California to do business in other states in which the company does business and assist the Debtors in moving the employees of AVR Georgia, AVR Nevada, and AVR Texas to AVR California.

As of March 10, 2021, the formal name of AVR Nevada was changed to Tropria Nav Nevada, Inc.  On March 19, 2021, AVR California registered to do business as a foreign corporation in the state of Nevada.  The persons who were employees of AVR Nevada have been transferred to AVR California, with AVR California assuming the existing obligations for employee benefits.  June 25, 2021, was the last payroll in which employees were paid by AVR Nevada.  As such, AVR Nevada currently has no income, no assets, and no employees, rendering it non-operational.

**III.**

**LEGAL ARGUMENT**

**A.    THE COURT SHOULD DISMISS AVR NEVADA'S CHAPTER 11 BANKRUPTCY CASE**

Section 1112(b) provides, in relevant part, as follows:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest,  and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 ***or dismiss a case*** under this chapter, whichever is in the best interests of creditors and the estate, ***for cause*** unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b) (emphasis added).  Section 1112(b)(4) states that "the term 'cause' includes" a number of potential factors that Courts may consider in making the determination.  11 U.S.C. § 1112(b)(4).  The examples of "cause" for dismissal set forth in Section 1112(b)(4) are not exclusive and "[a] court may consider other factors as they arise and may 'use its equitable powers to reach an appropriate result in individual cases." *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa. 1991) (quoting S. Rep No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903); *see also* 11 U.S.C. § 102(3).

Once it is determined that "cause" exists, the Court must determine whether to convert or dismiss the case based on what is in the best interests of creditors and the estate.  *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006); *In re Staff Investment Co*., 146 B.R. 256, 260 (Bankr. E.D. Cal. 1993).  This determination is committed to the court's wide discretion.  *Pioneer Liquidating Corp. v. United States Trustee* (*In re Consolidated Pioneer Mortgage Entities*), 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000); *In re Kimble*, 96 B.R. 305, 307 (Bankr. D. Mont. 1988).  While a debtor's interests are not specifically included in the best interest's equation, they must be considered to the extent the debtor's interests coincide with the interests of the estate.  *Staff*, 146 B.R. 261.  Where a debtor seeks voluntary dismissal, the "request should ordinarily be granted unless some 'plain legal

1   prejudice' will result to creditors." *In re Kimble*, 96 B.R. at 308 (citing *In re Int'l Airport Inn*

2   *P'ship*, 517 F.2d 510, 512 (9th Cir. 1975)).

3        Cause exists to dismiss AVR Nevada's Chapter 11 case.  Section 1112(b)(4)(A) defines

4   "cause" to include the "substantial or continuing loss to or diminution of the estate and the absence

5   of a reasonable likelihood of rehabilitation."  11 U.S.C. 1112(b)(4)(a).  This standard generally has

6   two basic requirements: first, it asks whether the debtor has suffered a negative cash flow or

7   declining asset values; and second, it tests whether there is any reasonable likelihood that the

8   debtor's business can "stop the bleeding," and achieve "solid financial footing within a reasonable

9   amount of time."  7 *Collier on Bankruptcy* ¶ 1112.04[6][a] at 1112-32.  However, in the context of

10  a non-operating debtor, sustained "accrual of administrative expenses without corresponding

11  income may constitute substantial or continuing loss" as contemplated by the section.  *Id.* at ¶

12  1112-33.  Specifically, the Eighth Circuit has held that when a debtor has ceased business

13  operations and liquidated its assets, "any negative cash-flow – including that resulting only from

14  administrative expenses – effectively comes straight from the pockets of creditors."  *Loop Corp. v.*

15  *U.S. Trustee*, 379 F.3d 511, 516 (8th Cir. 2004).

16       As an entity with no income, assets, or employees, AVR Nevada is a non-operating debtor,

17  and as such, it is inappropriate for its estate to continue to incur administrative expenses without

18  benefitting its creditors.  The reason that AVR Nevada and other, similar entities entered

19  bankruptcy was to enable AVR California to continue to pay its employees and do business in

20  those states.  However, the employees predicating these bankruptcy filings are no longer employees

21  of the satellite entities, as they were transferred to AVR California once AVR California was

22  properly registered to do business in those states.  Thus, given that the debtor has streamlined its

23  corporate structure and business practices so that operations are run out of AVR California, there is

24  no continuing need for AVR Nevada to remain in Chapter 11, as it retains no assets and does not

25  seek to continue operations in or out of the bankruptcy process.  However, AVR Nevada will incur

26  a negative cashflow based on administrative expenses associated with its continuation in

27  bankruptcy.  This constitutes "cause" under the enumerated section 1112(b)(4)(A), or alternatively,

28

1655452.1  26988                                        8

1   within the broader inclusive concept of "cause" under section 1112(b)(4).  7 *Collier on Bankruptcy*

2   *¶* 1112.04[6] at 1112-31.

3          Dismissal, rather than conversion, is appropriate here.  The Ninth Circuit has held that

4   "when deciding between dismissal and conversion under 11 U.S.C. § 1112(b), 'the court must

5   consider the interests of all of the creditors.'"  *Shulkin Hutton, Inc., v. Treiger* (*In re Owens*), 552

6   F.3d 958, 961 (9th Cir. 2009).  Given the absence of assets in AVR Nevada, no further purpose

7   would be served by prolonging this case and seeking confirmation of a liquidating plan.  Moreover,

8   the incurrence of administrative expenses absent any revenue fails to benefit the Debtor's creditors,

9   and may even cause them harm, thus rendering any action other than dismissal inappropriate.  *See*

10  *Loop Corp,* 379 F.3d at 516.  Likewise, because AVR Nevada has no assets or income, conversion

11  of this case to a case under Chapter  7 would be fruitless, as there is nothing for a trustee to

12  administer.

13         AVR Nevada submits that none of its creditors will be prejudiced by the requested

14  dismissal.  While there will not be any distributions made on priority and general unsecured claims

15  in connection with the dismissal requested by the Motion, and it appears that AVR Nevada will not

16  have funds in the future to make distributions on such claims, priority and general unsecured

17  claimants will retain their right to enforce their claims against the Debtor under applicable state

18  law.

19         Finally, Local Rule 1017-2(e) requires a debtor moving for voluntary dismissal to "disclose

20  any arrangement or agreement between the debtor and creditors or any other person in connection

21  with the motion for dismissal . . .."  LBR 1017-2(e).  As stated in the Declaration of Yazdan Irani,

22  AVR Nevada executed a Payment Agreement with the Nevada Department of Taxation in 2018.

23  The other agreement in existence with AVR Nevada creditors is the agreement between the

24  Debtors and 1st Source.  The Court is well aware of this agreement, as the Court approved the

25  agreement resolving a number of issues in the main case, including the refinancing of loans of both

26  1st Source and AFC as well as a new DIP loan facility, among other terms.  Among other terms, the

27  Debtors' agreement with 1st Source terminated the AVR Nevada guaranties.  See main case bankr.

28  doc. no. 428 at ECF p. 62, ¶4(e)(viii) ("Guarantors").

1655452.1  26988                                        9

1

2

## IV.

3

## <u>CONCLUSION</u>

4      For the foregoing reasons, AVR Nevada requests that the Court dismiss its Chapter 11 case.

5   AVR Nevada also requests such further relief as the Court deems just and proper.

6

7   DATED:  July 7, 2021                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

8

9                                                    By:    */s/ Zev Shechtman*

10                                                          ZEV SHECHTMAN
                                                          Attorneys for Airport Van Rental, Inc. and
11                                                          affiliated Debtors and Debtors in Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF YAZDAN IRANI**

I, Yazdan Irani, declare and state as follows:

1.      I am the founder of, and currently am the Chief Executive Officer of, Airport Van Rental, Inc., a California corporation ("AVR California").

2.      On December 11, 2020 (the "Petition Date"), AVR California and certain of its affiliates (collectively the "Debtors") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing Chapter 11 cases for the Debtors (collectively the "Chapter 11 Cases").

3.      I am generally familiar with the Debtors' day-to-day operations, businesses, financial affairs, and books and records.  Unless stated otherwise, all facts in this declaration are based upon my personal knowledge, my discussions with members of the Debtors' management team, my discussions with the Debtors' outside advisors, my review of documents and information concerning the Debtors' operations, financial affairs, and restructuring efforts, and/or my personal opinion based upon my experience and general knowledge about the Debtors.

4.      I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtors.  If called to testify, I would testify to the matters set forth in this declaration.

5.      My wife Kimberly ("Kim") and I formed AVR California in 2007.  After expanding within California, we decided to open a location in Las Vegas.  A new company – Airport Van Rental, Inc., a Nevada corporation ("AVR Nevada") – was incorporated in Nevada in May 2011, with Kim and me as shareholders.  Even though AVR Nevada is a separate entity, in practice AVR California has effectively been operating in Nevada as though it had registered to do business in Nevada.  Vehicles rented to customers in Nevada belong to AVR California; all revenues flow into AVR California's accounts; and AVR California pays all of the expenses of operating in Nevada.

6.       AVR Nevada has a separate tax ID number, it files separate tax returns, and the employees who work in Nevada – generating income for AVR California – are technically employees of AVR Nevada.  AVR Nevada currently owns no assets.  AVR Nevada also has a $3 million plus non-priority unsecured tax liability due to errors made in reporting sales tax revenues in the early years of the company's Las Vegas operations.  In October 2018, AVR Nevada executed a Payment Agreement with the Nevada Department of Taxation in which it acknowledged that approximately $3.3 million of taxes, penalties and interest were owed for "Sales and Use Tax (SUT) audit deficiency for the period 02/01/14 through 11/30/17; Short Term Rental Fees – State (STS) and County (STC) audit deficiency for the period 10/01/12 through 9/30/17."  AVR Nevada agreed to pay $20,000 per month from October 2018 until the debt was paid in full.  The Nevada DOT required that Kim and I personally guaranty the debt.

7.       AVR California filed for bankruptcy on December 11, 2020.  Leading up to the filing date, the company considered formally registering AVR California to do business in Nevada, Texas, and Georgia, "transferring" the employees to AVR California, and not filing for those entities.  Mostly because the company lacked sufficient time to do so and fully weigh the implications, to preserve the ability of AVR California to utilize services of employees in Nevada, Texas, and Georgia, the entities formed in those three states also filed Chapter 11 petitions.

8.       On March 2, 2021, the Debtors filed an application to employ Barnes & Thornburg LLP ("B&T") as special corporate counsel.  B&T was employed to, among other things, register AVR California to do business in other states in which the company does business and assist the Debtors in moving the employees of AVR Georgia, AVR Nevada, and AVR Texas to AVR California.

9.       As of March 10, 2021, the formal name of AVR Nevada was changed to Tropria Nav Nevada, Inc.  On March 19, 2021, AVR California registered to do business as a foreign

1  corporation in the state of Nevada.  The persons who are technically employees of AVR Nevada

2  have been transferred to AVR California, with AVR California assuming the existing obligations

3  for employee benefits.  June 25, 2021, was the last payroll in which employees were paid by AVR

4  Nevada. Accordingly, AVR Nevada currently has no income, no assets, and no employees,

5  rendering it non-operational.

6

7

8       I declare under penalty of perjury under the laws of the United States of America that the

9       foregoing is true and correct.

10      Executed: July 7, 2021 at Las Vegas, Nevada

11

12

13

14      _____
        Yazdan Irani

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **REQUEST FOR JUDICIAL NOTICE**

Airport Van Rental, Inc., a Nevada corporation ("AVR Nevada"), respectfully requests that the Court take judicial notice of the following facts pursuant to Fed. R. Evid. 201:

1.  On December 11, 2020 (the "Petition Date"), Airport Van Rental, Inc., a California corporation ("AVR California"), Airport Van Rental, Inc., a Georgia corporation, Airport Van Rental Inc., a Nevada Corporation, Airport Van Rental, LLP, a Texas limited liability partnership, and AVR Vanpool, Inc., a California Corporation (collectively the "Debtors"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.  Attached hereto as Exhibit "1" is a copy of the AVR Nevada Schedule A/B filed on January 8, 2021 at docket no. 14 in this case.

3.  Attached hereto as Exhibit "2" is a copy of the AVR Nevada Schedule E/F filed on January 8, 2021 at docket no. 14 in this case.

4.  Three proofs of claim have been filed against AVR Nevada. These include: 1) a claim by the Internal Revenue Service in the amount of $100 (Claim No. 1), 2) a claim by TriGlobal in the amount of $7,600 (Claim No. 2), and 3) a claim by the State of Nevada Department of Taxation in the amount of $3,123,094.74 (Claim No. 3).  Attached as Exhibit "3" to this request is a copy of the AVR Nevada Claims Register.

5.  On March 2, 2021, the Debtors filed an application to employ Barnes & Thornburg LLP ("B&T") as special corporate counsel.  See docket no. 253 in the AVR California case.

DATED:  July 7, 2021                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                        By:    */s/ Zev Shechtman*
                                               _____
                                               ZEV SHECHTMAN
                                               Attorneys for Airport Van Rental, Inc. and
                                               affiliated Debtors and Debtors in Possession

# EXHIBIT "1"

**Fill in this information to identify the case:**

Debtor name    **Airport Van Rental, Inc., a Nevada corporation**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA-L.A.

Case number (if known)    **2:20-bk-20878-BB**

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. Does the debtor have any cash or cash equivalents?

   ■ No. Go to Part 2.
   ☐ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

| Part 2: | Deposits and Prepayments |
|---|---|

6. Does the debtor have any deposits or prepayments?

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. Does the debtor have any accounts receivable?

   ■ No. Go to Part 4.
   ☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

13. Does the debtor own any investments?

   ■ No. Go to Part 5.
   ☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. Does the debtor own any inventory (excluding agriculture assets)?

   ■ No. Go to Part 6.
   ☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

   ■ No. Go to Part 7.

| Debtor | **Airport Van Rental, Inc., a Nevada corporation** | Case number *(If known)* | **2:20-bk-20878-BB** |
|---|---|---|---|
| | Name | | |

☐ Yes Fill in the information below.

<table>
<tr><td style="background:black;color:white">**Part 7:**</td><td>**Office furniture, fixtures, and equipment; and collectibles**</td></tr>
</table>

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.
☐ Yes Fill in the information below.

<table>
<tr><td style="background:black;color:white">**Part 8:**</td><td>**Machinery, equipment, and vehicles**</td></tr>
</table>

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

<table>
<tr><td style="background:black;color:white">**Part 9:**</td><td>**Real property**</td></tr>
</table>

**54. Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

<table>
<tr><td style="background:black;color:white">**Part 10:**</td><td>**Intangibles and intellectual property**</td></tr>
</table>

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

<table>
<tr><td style="background:black;color:white">**Part 11:**</td><td>**All other assets**</td></tr>
</table>

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No. Go to Part 12.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                  Best Case Bankruptcy

**017**

Debtor    **Airport Van Rental, Inc., a Nevada corporation**    Case number *(If known)*    **2:20-bk-20878-BB**
    Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b.  $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $0.00 |

# EXHIBIT "2"

**Fill in this information to identify the case:**

Debtor name    **Airport Van Rental, Inc., a Nevada corporation**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA-L.A.

Case number (if known)    **2:20-bk-20878-BB**

☐ Check if this is an
amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **$5,422.40** | **$5,422.40** |
| | **Andrew J Love**<br>**317 Vallarte Dr**<br>**Henderson, NV 89014** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred<br>**2020** | Basis for the claim:<br>**vacation, personal and sick leave** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |
| **2.2** | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **$1,191.88** | **$1,191.88** |
| | **Annie Maika**<br>**7044 Placid Lake Ave**<br>**Las Vegas, NV 89179** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred<br>**2020** | Basis for the claim:<br>**vacation, personal and sick leave: $270.28**<br>**commission for November: $921.60** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (4) | Is the claim subject to offset?<br>■ No<br>☐ Yes | | |

| Debtor | **Airport Van Rental, Inc., a Nevada corporation** | Case number (if known) | **2:20-bk-20878-BB** |
|---|---|---|---|
| | Name | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **$0.00** | **$0.00** |
|---|---|---|---|---|

**Dept of Employment Training & Rehab**
**Employment Security Division**
**500 East Third Street**
**Carson City, NV 89713**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

| Date or dates debt was incurred | Basis for the claim: |
|---|---|
| **N/A** | **For notification purposes** |

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.4 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **$0.00** | **$0.00** |
|---|---|---|---|---|

**Internal Revenue Service**
**Special Procedures-Insolvency**
**PO Box 7346**
**Philadephia, PA 19101-7346**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

| Date or dates debt was incurred | Basis for the claim: |
|---|---|
| **N/A** | **For notification purposes** |

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.5 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **$212.52** | **$212.52** |
|---|---|---|---|---|

**Kyle Elarco**
**11159 Deluna Street**
**Las Vegas, NV 89141**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

| Date or dates debt was incurred | Basis for the claim: |
|---|---|
| **2020** | **vacation, personal and sick leave** |

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.6 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **$236.67** | **$236.67** |
|---|---|---|---|---|

**Lakreisha M Roberts**
**6922 Kepler Drive**
**Apt A**
**Las Vegas, NV 89156**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

| Date or dates debt was incurred | Basis for the claim: |
|---|---|
| **2020** | **vacation, personal and sick leave** |

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

| Debtor | **Airport Van Rental, Inc., a Nevada corporation** | Case number *(if known)* | **2:20-bk-20878-BB** |
|---|---|---|---|
| | Name | | |

---

| 2.7 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $2,327.12 | $2,327.12 |
|---|---|---|---|---|

**Marcus R Nickerson
1500 Karen Ave
Apt 314
Las Vegas, NV 89169**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
**2020**

Basis for the claim:
**vacation, personal and sick leave**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (<u>4</u>)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.8 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $74,308.84 | $74,308.84 |
|---|---|---|---|---|

**Nevada Department Of Taxation
1550 College Parkway # 115
Carson City, NV 89706**

*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred
**11/16/2020**

Basis for the claim:
**Sales Tax 2019-2020**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (<u>8</u>)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.9 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $3,101,463.37 | $33,036.37 |
|---|---|---|---|---|

**Nevada Department of Taxation
Attn Randy Asbell
2550 Paseo Verde Pkwy #180
Henderson, NV 89074**

*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred
**9/30/2020**

Basis for the claim:
**Sales Tax - 2019-2020: $33,036.37  2014-2017
$3,068,427.00**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (<u>8</u>)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.10 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $516.72 | $516.72 |
|---|---|---|---|---|

**Nicole Uriostegui
4632 Sun Valley Drive
Las Vegas, NV 89121**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
**2020**

Basis for the claim:
**vacation, personal and sick leave**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (<u>4</u>)

Is the claim subject to offset?
■ No
☐ Yes

---

| Debtor | **Airport Van Rental, Inc., a Nevada corporation** | Case number (if known) | **2:20-bk-20878-BB** |
|---|---|---|---|
| | Name | | |

| 2.11 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $526.68 | $526.68 |
|---|---|---|---|---|

**Saul Garcia**
**6129 Elderberry Wine Avenue**
**Las Vegas, NV 89142**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
**2020**

Basis for the claim:
**vacation, personal and sick leave**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

| 2.12 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $1,070.85 | $1,070.85 |
|---|---|---|---|---|

**Socorro Hurtado**
**9580 W Reno Ave**
**Apt 122**
**Las Vegas, NV 89148**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred
**2020**

Basis for the claim:
**vacation, personal and sick leave: $201.02**
**commission for November:  $869.83**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (4)

Is the claim subject to offset?
■ No
☐ Yes

---

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$6,390,933.00** |
|---|---|---|---|

**1st Source Bank**
**Attn David W Cripe**
**100 N Michigan Street**
**South Bend, IN 46601**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred  **10/24/2013**
Last 4 digits of account number _

Basis for the claim:  **Guarantor of vehicle financing loan**

Is the claim subject to offset?  ■ No  ☐ Yes

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$157,800.00** |
|---|---|---|---|

**1st Source Bank - PPP**
**100 N Michigan Street**
**4th Floor**
**South Bend, IN 46601**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **3/1/2020**
Last 4 digits of account number  **7853**

Basis for the claim:  **SBA PPP-NV Entity**

Is the claim subject to offset?  ■ No  ☐ Yes

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$12,083.00** |
|---|---|---|---|

**Hampton Dunson**
**c/o Gabroy Law Offices**
**The District at Green Valley Ranch**
**170 S Green Valley Pkwy Suite 280**
**Henderson, NV 89012**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Settlement Agreement**

Is the claim subject to offset?  ■ No  ☐ Yes

Last 4 digits of account number _

---

**Part 3:    List Others to Be Notified About Unsecured Claims**

| Debtor | **Airport Van Rental, Inc., a Nevada corporation** | Case number (if known) | **2:20-bk-20878-BB** |
|---|---|---|---|
| | Name | | |

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | | |

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | **Total of claim amounts** |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 3,187,277.05 |
| **5b. Total claims from Part 2** | 5b. + | $ | 6,560,816.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 9,748,093.05 |

# EXHIBIT "3"

# 2:20-bk-20878 | Airport Van Rental, Inc., a Nevada corporation

| # | Original File Date | Creditor | Total Claimed Amount | Last Updated |
|---|---|---|---|---|
| **3** | 02/09/2021 | STATE OF NEVADA DEPARTMENT OF TAXATION | $3,123,094.74 | 07/02/2021 |
| | Original Entered Date: 02/09/2021 Original Filed Date: 02/09/2021 | 555 E. WASHINGTON AVE. STE.1300 LAS VEGAS, NV 89101 | Priority: $1,073,008.65 | |

History / Documents

| | | |
|---|---|---|
| **3-1** | 02/09/2021 Claim #3 filed by STATE OF NEVADA DEPARTMENT OF TAXATION, Amount claimed: $3123094.74 (Carrillo, Joanna) | |

| # | | | | |
|---|---|---|---|---|
| **2** | 01/06/2021 | Tri Global | $7,600.70 | 07/02/2021 |
| | Original Filed Date: 01/06/2021 Original Entered Date: 01/06/2021 | 106 Golden Street 106 Golden Street Stanley, NC 28164 | | |

History / Documents

| | | |
|---|---|---|
| **2-1** | 01/06/2021 Claim #2 filed by Tri Global, Amount claimed: $7600.70 (AutoDocket, ePOC-User) | |

Remarks:    (2-1) Account Number (last 4 digits):6839

| # | | | | |
|---|---|---|---|---|
| **1** | 12/31/2020 | Internal Revenue Service | $100.00 | 07/02/2021 |
| | Last Amendment Entered: 02/10/2021 Last Amendment Filed: 02/10/2021 Original Entered Date: 12/31/2020 Original Filed Date: 12/31/2020 | Special Procedures-Insolvency PO Box 7346 Philadephia, PA 19101-7346 | Secured: $0.00 Priority: $100.00 | |

| # | Original File Date | Creditor | Total Claimed Amount | Last Updated |
|---|---|---|---|---|
| | History / Documents | | | |
| **1-1** | 12/31/2020 Claim #1 filed by Internal Revenue Service, Amount claimed: $4271.54 (Schakow, Timothy) | | | |
| **1-2** | 02/01/2021 Amended Claim #1 filed by Internal Revenue Service, Amount claimed: $4492.05 (Schakow, Timothy) | | | |
| **1-3** | 02/10/2021 Amended Claim #1 filed by Internal Revenue Service, Amount claimed: $100.00 (Schakow, Timothy) | | | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 11 BANKRUPTCY CASE OF AVR NEVADA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF YAZDAN IRANI IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  July 7, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  July 7, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Sheri Bluebond
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 7, 2021 | Patricia Morris | */s/ Patricia Morris* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

   • Michael G D'Alba    mdalba@DanningGill.com, DanningGill@gmail.com;mdalba@ecf.inforuptcy.com
   • Eryk R Escobar    eryk.r.escobar@usdoj.gov
   • Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
   • United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov


2. **SERVED BY U.S. MAIL**

Andrew J Love
317 Vallarte Dr
Henderson, NV 89014

Annie Maika
7044 Placid Lake Ave
Las Vegas, NV 89179

Dept of Employment Training &
Rehab
Employment Security Division
500 East Third Street
Carson City, NV 89713

Hampton Dunson
c/o Gabroy Law Offices
170 S Green Valley Pkwy Suite
280
Henderson, NV 89012

Internal Revenue Service
Special Procedures-Insolvency
PO Box 7346
Philadelphia, PA 19101-7346

Kyle Elarco
11159 Deluna Street
Las Vegas, NV 89141

Lakreisha M Roberts
6922 Kepler Drive
Apt A
Las Vegas, NV 89156

Marcus R Nickerson
1500 Karen Ave
Apt 314
Las Vegas, NV 89169

Nevada Department Of Taxation
1550 College Parkway # 115
Carson City, NV 89706

Nevada Department of Taxation
2550 Paseo Verde Pkwy #180
Henderson, NV 89074

Nicole Uriostegui
4632 Sun Valley Drive
Las Vegas, NV 89121

Saul Garcia
6129 Elderberry Wine Avenue
Las Vegas, NV 89142

Socorro Hurtado
9580 W Reno Ave
Apt 122
Las Vegas, NV 89148

State Of Nevada Department Of
Taxation
555 E. Washington Ave. Ste.
1300
Las Vegas, NV 89101

Tri Global
106 Golden Street
Stanley, NC 28164

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                    **F 9013-3.1.PROOF.SERVICE**